IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NELSON HERRERA, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:20-cv-2497 |
| ADAMS CONSTRUCTORS, INC. and JOHN ADAMS, | § § § § | |
| Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendants Adams Constructors, Inc. ("Constructors") and its owner John Adams (collectively, "Adams" or "Defendants") have a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Nelson Herrera ("Herrera" or "Plaintiff") is one of the workers hired by Defendants as an hourly employee. Herrera was not paid overtime pay and brings this lawsuit against Defendants to recover unpaid overtime and associated relief under the Fair Labor Standards Act. 29 U.S.C. §§ 207(a), 216(b) ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Coworkers' Claims

1.  Herrera worked for Adams as a construction worker from November of 2012 until June 22, 2020. Herrera's duties included installing playground equipment as well as other

general construction work.

2. During the time he worked for the Defendants, Plaintiff regularly worked in excess of 40 hours per week.

3. Defendants paid Herrera on an hourly basis. Defendants did not pay Herrera an overtime premium for any of the hours he worked in excess of 40 in a workweek. Instead, Defendants paid Herrera the same hourly rate for all the hours he worked ("straight time").

4. Herrera worked with numerous other individuals who were paid on an hourly basis. These individuals were also construction workers who also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked in excess of 40 per workweek. Instead, the Defendants also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

## Allegations Regarding FLSA Coverage

5. Defendant Adams Constructors, Inc. is a Texas corporation that is covered by and subject to the overtime requirements of the FLSA.

6. During each of the three years prior to this complaint being filed, Constructors was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, and conducting transactions through commerce, including the use of credit cards, cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Constructors's employees handled and used tools that were manufactured outside of the state of Texas.

8. During each of the three years prior to this complaint being filed, Constructors's employees handled and used materials that were manufactured or originated outside of the State

of Texas.

9. During each of the three years prior to this Complaint being filed, Constructors sold goods, services and/or products that incorporated materials that were manufactured or originated outside of the state of Texas

10. During each of the three years prior to this complaint being filed, Constructors regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

11. During each of the three years prior to this complaint being filed, Constructors conducted a gross annual volume of business exceeding $500,000 (exclusive of excise taxes).

12. During each of the three years prior to this complaint being filed, Constructors's employees used goods, tools, equipment or materials that had been moved in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

13. During each of the three years prior to this complaint being filed, Defendant John Adams was an owner and control person of Constructors. He exercised day-to-day control over the operations of Constructors and over the supervision and payment of employees such as Herrera.

## Plaintiff's Claims

14. Defendants were legally required to pay Herrera and his similarly situated coworkers ("Members of the Class") overtime pay for all hours that these individuals worked for Defendants in excess of 40 in the workweek.

15. Herrera worked over 40 hours in many workweeks that he worked for Defendants.

16. Defendants did not pay Herrera time-and-a-half for any of the overtime hours that he worked for the Defendants.

17. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Herrera, in clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

18. Defendants violated the FLSA by failing to pay Herrera overtime pay for hours worked over 40 per workweek.

19. Herrera has suffered damages as a direct result of Defendants' illegal actions.

20. Defendants are liable to Herrera for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Collective Action Allegations

21. Herrera was one of many other construction workers employed by Defendants. These other workers did the same or similar type of work that Herrera did, and also worked over 40 hours per week in many of the workweeks of their employment with Defendants. These workers are herein referred to as "Members of the Class" or as the "Class."

22. Defendants' willful failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class; that is, paying construction workers on an hourly basis and not paying them overtime pay for hours over 40 in a workweek. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the

Members of the Class.

23. The Class of similarly situated Plaintiffs may be properly defined as:

**All workers who are/were employed by and paid on an hourly basis by Defendant Adams Constructors, Inc. during the three-year period preceding the filing of this Complaint.**

### Defendants, Jurisdiction, and Venue

24. Defendant Adams Constructors, Inc. is a Texas corporation and an "employer" as defined by the FLSA. Defendant may be served through its registered agent, John Adams, at 7631 Allegro Drive, Houston Texas 77040, or wherever he may be found.

25. Defendant John Adams may be served with process at 7631 Allegro Drive, Houston Texas 77040, or wherever he may be found.

26. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred in this judicial district as well.

### Demand for Jury

27. Plaintiff demands a trial by jury.

### Prayer for Relief

Plaintiff and all similarly situated employees who would join this suit demand:

1. Issuance of notice as soon as possible to all persons performing construction work who are/were employed by and paid on an hourly basis by Adams Constructors during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to the unpaid overtime wages at the applicable rate owed to Plaintiff and the Members of the Class;
3. An amount equal to the aforementioned overtime wage damages, as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;

5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Injunctive relief against Defendants to pay its hourly workers overtime for all hours worked over 40 in the workweek going forward; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF NELSON HERRERA**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFF**
**NELSON HERRERA**